UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | | |
|---|---|---|---|
| CHARLES DEXTER MITCHELL, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos.: | 3:04-CR-82-TAV-HBG-1 |
| | ) | | 3:16-CV-132-TAV |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## **MEMORANDUM OPINION**

Before the Court now is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 45]. The government filed a response in opposition on April 22, 2016 [Doc. 49]. For the reasons discussed below, Petitioner's motion [Doc. 45] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

**I. BACKGROUND**

In 2005, a jury convicted Petitioner of four counts of robbery, in violation of 18 U.S.C. § 1951, three counts of using, carrying, and brandishing a firearm during and in relation of those robberies, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and one count of possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1) [Doc. 30]. Based on a prior Tennessee armed robbery conviction [Presentence Investigation Report ("PSR") ¶ 79], and two prior Tennessee second-degree burglary convictions [*Id.* ¶¶ 81–82], Petitioner was deemed to be an armed career criminal under 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA") [*Id.* ¶ 71], and was sentenced to a total of 872 months' imprisonment [Doc. 33].

Petitioner appealed and the Sixth Circuit affirmed his conviction, sentence, and armed career criminal designation on April 30, 2007 [Doc. 40]. Petitioner did not seek a writ of

certiorari from the United States Supreme Court and, as a result, his conviction became final on July 26, 2007. *See Clay v. United States*, 537 U.S. 522, 525 (2003) (explaining that a conviction affirmed on appeal becomes final when the period for seeking a writ of certiorari expires); U.S. Sup. Ct. R. 13(3) (providing ninety-day period for requesting a writ of certiorari, running from the date on which the Court of Appeal decision is issued).

The United States Supreme Court decided *Johnson*—invalidating the residual clause of the ACCA—on June 26, 2015. 135 S. Ct. 2551 (2015). Petitioner filed the current motion for collateral relief slightly less than nine months later, on March 18, 2016 [Doc. 45].

## II. TIMELINESS OF PETITIONER'S CLAIMS

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). Supreme Court precedent makes clear that *Johnson*'s invalidation of the ACCA residual clause amounted to a new rule made retroactively applicable on collateral review. *See Welch v. United States*, No. 15-6418, 2016 U.S. LEXIS 2451, at *16 (U.S. Apr. 18, 2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made

2

retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition). Thus, the petition falls safely within the one-year period for filing a timely request for *Johnson*-based relief [Doc. 45].

### III. STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

### IV. ANALYSIS

Petitioner articulates a single ground of collateral attack, arguing *Johnson v. United States* removed his second-degree burglary convictions from § 924(e)'s definition of "violent felony" [Doc. 47 pp. 3–7 (arguing, without citation, that the convictions do not independently qualify as predicate offenses under provisions of the ACCA unaffected by *Johnson*)].

    A.    **Categorization as Armed Career Criminal after *Johnson v. United States***

The ACCA mandates a 15-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1).

3

The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear, however, that its decision did "not call into question . . . the remainder of the [ACCA's] definition of violent felony," i.e., the use-of-physical-force and enumerated-offense clauses. *Id.* Nor did *Johnson* disturb the use of prior serious drug offenses as predicates.

The validity of Petitioner's sentence thus depends on whether three or more of his prior convictions qualify as "violent felonies" under one of the unaffected provisions of § 924(e). *See e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (explaining courts need not decide what import, if any, *Johnson* has on the Sentencing Guidelines' residual clause where the petitioner's prior convictions qualify as predicate offenses independent of the residual clause). To determine whether a particular offense qualifies as a violent felony under any of the prongs of the above definition, a court must first identify the precise crime of conviction. *Descamps v. United States*, 133 S. Ct. 2276, 2285 (2013). It does so by employing a "categorical approach," under which it looks "only to the statutory definitions—elements—of a defendant's prior offense, and not to the particular facts underlying [each individual] conviction[]." *Id.* at 2283.

4

A review of Petitioner's PSR reveals that a sufficient number of his prior convictions categorically qualify as violent felonies independent of the now-defunct residual clause and, as a result, the Court finds that he has failed to demonstrate an entitlement to § 2255 collateral relief. Specifically, binding Sixth Circuit precedent makes clear that both of Petitioner's pre-1989 Tennessee second-degree burglary convictions [PSR ¶ 81, 82] constitute predicate offenses under the ACCA's enumerated-offense clause. *See, e.g.*, *United States v. Jones*, 673 F.3d 497, 505 (6th Cir. 2012) (holding that Tennessee second-degree burglary categorically qualifies as generic burglary). Likewise, Petitioner's prior Tennessee armed robbery conviction categorically qualifies as a violent felony under the ACCA's use-of-physical-force clause. *See, e.g.*, *United States v. Mitchell*, 743 F.3d 1054, 1058–60 (6th Cir. 2014) (holding that all forms of Tennessee robbery are categorically violent felonies under the ACCA's use-of-physical-force clause). As such, *Johnson* does not affect his designation as an armed career criminal. *See United States v. Taylor*, 800 F.3d 701, 719 (6th Cir. 2015) ("[T]he Supreme Court's holding in *Johnson* leaves unaffected this Court's determination that simple robbery in Tennessee is a predicate offense under the 'use-of-physical-force' clause."); *United States Bernardini*, 616 F. App'x 212, 213 (6th Cir. 2015) (same); *United States v. Kemmerling*, 612 F. App'x 373, 375 (6th Cir. 2015) (same). Petitioner was properly designated an armed career criminal; the petition fails as a matter of law.

## IV. CONCLUSION

For the reasons discussed above, Petitioner's § 2255 motion [Doc. 45] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the

5

Case 3:04-cr-00082-TAV-HBG   Document 50   Filed 06/15/16   Page 5 of 6   PageID #: 82

denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**ORDER ACCORDINGLY.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE