UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>CHARLES DEXTER MITCHELL, )<br>)<br>Defendant. ) | Nos.: 3:04-CR-82-TAV-HBG-1<br>3:04-CR-172-TAV-HBG-1 |

## MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on defendant's counseled motions for compassionate release [Case No. 3:04-CR-82, Doc. 55; Case No. 3:04-CR-172, Doc. 34].[1] The government responded in opposition [Doc. 57] and defendant replied [Doc. 58]. For the reasons set forth below, defendant's motions for compassionate release [Case No. 3:04-CR-82, Doc. 55; Case No. 3:04-CR-172, Doc. 34] will be **DENIED**.

**I.     Background**

A jury convicted defendant of four counts of robbery, in violation of 18 U.S.C. § 1951; three counts of using, carrying, and brandishing a firearm during and in relation to those robberies, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and one count of possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1) [Doc. 30]. Based on a prior Tennessee armed robbery conviction [Presentence Investigation Report ("PSR") ¶ 79], and two prior Tennessee second-degree burglary convictions [*Id*. ¶¶ 81–82], defendant was

---

[1] All docket citations in this Memorandum Opinion and Order will hereinafter refer to case number 3:04-CR-82 unless noted otherwise.

deemed to be an armed career criminal under 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA") [*Id.* ¶ 71], and was sentenced to a total of 872 months' imprisonment [Doc. 33].

According to the Bureau of Prisons' website, defendant is presently scheduled for release on September 9, 2065. Inmate Locator, Federal Bureau of Prisons, *available at* https://www.bop.gov/inmateloc/ (accessed May 9, 2025).

## II. Legal Standard

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). The First Step Act of 2018's amendment of § 3582(c)(1)(A) revised one such exception. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on motion of the Director of the Bureau of Prisons ("BOP"). Now a court may modify a defendant's sentence upon a motion by a defendant if the defendant has exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in section 3553(a) to the extent that they are applicable" if it finds:

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Id*. Defendant seeks relief under a § 3582(c)(1)(A)(i) motion [Doc. 55].

If the exhaustion requirement is satisfied, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (internal citations omitted). In considering a compassionate release motion, "district courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others" but must "address all three steps" if granting such a motion. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

3

### III. Analysis

#### A. Exhaustion

The Court first examines whether defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement, which is a mandatory prerequisite to consideration of a compassionate release request on the merits. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). "When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" *Id.* at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017)). The only exceptions to such a mandatory claim-processing rule are waiver and forfeiture. *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

In this case, defendant sought compassionate release from the BOP in September 2024 [Doc. 55-1] prior to filing the instant motion. The government does not appear to contest defendant's satisfaction of the exhaustion requirement [*see generally* Doc. 57; *see also* Doc. 57-2]. Thus, the Court will evaluate defendant's motion according to the three-step test explained above.

#### B. Extraordinary and Compelling Reasons

Turning to whether defendant has set forth extraordinary and compelling grounds for relief, the Court first notes that the Sixth Circuit previously held that "[i]n cases where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement of § 1B1.13." *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020). This was so because the applicable policy statement,

4

United States Sentencing Guideline § 1B1.13, as written at the time, did not contemplate inmate-filed motions for compassionate release, but instead, was limited to circumstances where the BOP filed a motion on an inmate's behalf.  *Id.* at 1109–10; *see also* U.S.S.G. § 1B1.13 (2018).

However, the Sentencing Commission amended the policy statement in § 1B1.13, effective November 1, 2023, to encompass inmate-filed motions for compassionate release. U.S.S.G. § 1B1.13 (2023).  It thus appears that the Sixth Circuit's prior ruling that § 1B1.13 is not an applicable policy statement to inmate-filed motions for compassionate release is no longer consistent with the Guidelines.  *See United States v. Nash*, No. 23-3635, 2024 WL 1979067, at *3 (6th Cir. Apr. 30, 2024) (noting the amendment to § 1B1.13 and stating that "prior to [the date of amendment], no guideline policy statement applied to compassionate-release motions brought by defendants, and a district court could deny a defendant-filed motion without reference to any policy statement); *see also United States v. Ringgold*, No. ELH-17-232, 2023 WL 7410895, at *5–6 (D. Md. Nov. 8, 2023) ("[I]t appears that the Fourth Circuit's conclusion in *McCoy*, 981 F.3d at 281, to the effect that '§ 1B1.13 is not an 'applicable' policy statement,' is no longer consistent with the Guidelines.  This is because the Policy Statement is now expressly applicable to defendant-filed motions pursuant to 18 U.S.C. § 3582(c)(1)(A).")  However, "[t]he new policy statement largely preserves the discretion district courts held to consider any extraordinary and compelling reason for release." *United States v. Davis*, No. 3:20-cr-16, 2023 WL 7356579, at *2 (W.D. N.C. Nov. 7, 2023).

5

As amended, § 1B1.13(b) states that "[e]xtraordinary and compelling reasons exist under any of the following circumstances or a combination thereof," and discusses when the medical circumstances of the defendant, the age of the defendant, the family circumstances of the defendant, the defendant's victimization in custody, and other reasons may constitute extraordinary circumstances. U.S.S.G. § 1B1.13(b)(1)–(6). Here, defendant cites the following as extraordinary and compelling grounds warranting his release: (i) a change in law that creates a disparity between the sentence defendant received and the sentence he would receive today; (ii) defendant's post-offense rehabilitation; and (iii) a combination of factors that satisfies the "other reasons" provision contained in § 1B1.13(b)(5) [Doc. 55, pp. 4–23].

### i. Changes in Law

The amended policy statement provides that changes to non-retroactive law can constitute an extraordinary and compelling reason for release under certain conditions. *See* U.S.S.G. § 1B1.13(b)(6). However, in April 2025, the Sixth Circuit invalidated section 1B1.13(b)(6). *United States v. Bricker*, No. 24-3286, 2025 WL 1166016, at *1 (6th Cir. Apr. 22, 2025). Based in part on the United States Supreme Court's decision in *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), which reduced the interpretive deference afforded to agencies, the Sixth Circuit determined that the Commission "overstepped its authority and issued a policy statement that is plainly unreasonable under the statute and in conflict with the separation of powers." *Bricker*, 2025 WL 1166016, at *1; *see also*

*Moctezuma-Reyes v. Garland*, 124 F.4th 416, 420 (6th Cir. 2024) (clarifying when courts should independently interpret statutes).

In reaching its conclusion, the *Bricker* majority clarified that the Sixth Circuit's decision in *United States v. McCall*, 56 F.4th 1048 (6th Cir. 2022) (en banc), which predates the amended policy statement, remains the law of this Circuit. In contrast to the policy statement contained in U.S.S.G. § 1B1.13(b)(6), the *McCall* court held that the fact "that a defendant might receive a different sentence today than he received years ago represents the routine business of our legal system" and "cannot supply an extraordinary and compelling reason to reduce a lawful sentence whose term Congress enacted, and the President signed, into law." *Id*. at 1065. In other words, because *Loper Bright* reduced courts' deference to Commission policy statements, and the *Bricker* majority held that section 1B1.13(b)(6) is "plainly unreasonable," "we [are] bound by *McCall*'s views on the plain meaning of 'extraordinary and compelling.'" *Bricker*, 2025 WL 1166016, at *1–*9 (citing *United States v. Ferguson*, 868 F.3d 514, 515 (6th Cir. 2017)).

The Court is mindful that the parties briefed this matter prior to the Sixth Circuit's decision in *Bricker* [*See* Doc. 55, pp. 4–16; Doc. 57, pp. 8–14]. Because U.S.S.G. § 1B1.13(b)(6) has been invalidated and changes to non-retroactive law cannot constitute an extraordinary and compelling reason for release, these arguments are moot. Accordingly, the Court finds that defendant's arguments regarding a change in law do not constitute an extraordinary and compelling ground warranting release.

7

Additionally, the Court notes that many of defendant's arguments under § 1B1.13(b)(5), the "other reasons" provision of the policy statement, relate to the disparity in sentencing that he would likely receive under today's law compared to that under which he was originally sentenced [*See* Doc. 55, pp. 19–22]. Indeed, several of the out of Circuit cases cited by defendant appear to have granted other defendant's motions on § 1B1.13(b)(5) grounds related to defendants' § 1B1.13(b)(6) arguments, a pathway that has been foreclosed by the Sixth Circuit's decision in *Bricker*. *See* 2025 WL 1166016, at *1. Therefore, the Court finds that to the extent defendant argues his unusually long sentence and/or change in law should be considered among other factors under § 1B1.13(b)(5), such arguments are rejected on the basis of *Bricker*.

### ii. Defendant's Rehabilitation

Defendant argues that his significant post-sentencing rehabilitation justifies a reduced sentence [Doc. 55, pp. 17–19]. While the Court acknowledges defendant's rehabilitation, this factor "is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13(d). Because the Court has rejected defendant's change in law arguments in light of the Sixth Circuit's *Bricker* decision, as well as his "other reasons" arguments, it cannot properly consider defendant's rehabilitation in isolation. *See* U.S.S.G. § 1B1.13(d).

Because "3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors" only where "the reduction [is] authorized by [steps one and two]," *Jones*, 980 F.3d at 1108, the Court need not address the section 3553(a) factors at this stage. Given that the

8

Court has rejected defendant's extraordinary and compelling arguments, his motions [Case No. 3:04-CR-82, Doc. 55; Case No. 3:04-CR-172, Doc. 34] are hereby **DENIED**.

## IV. Conclusion

For the reasons set forth above, defendant's motions [Case No. 3:04-CR-82, Doc. 55; Case No. 3:04-CR-172, Doc. 34] are **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE